STATE

v.

Troy HEWES.

No. 94–368–C.A.

Supreme Court of Rhode Island.

Oct. 26, 1995.

Andrew Berg, Special Assistant Attorney General, Aaron Weisman, Assistant Attorney General, for Plaintiff.

Edward Manning, Jr., Providence, for Defendant.

## OPINION

PER CURIAM.

This matter came before the court for oral argument on October 2, 1995, pursuant to an order directing all parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing oral argument and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that the issues should be decided at this time.

The defendant, Troy Hewes, was charged with murder and conspiracy to commit murder in connection with the death of Alexander Margolin (Margolin). After a trial on these charges, a jury found defendant not guilty of murder. The jury failed to agree on the conspiracy charge, and a mistrial was declared. A second trial commenced on the conspiracy charge in December 1993, and a verdict of guilty was returned.

On appeal defendant argues that evidence of the murder should not have been admitted at his conspiracy trial. He contends that the issue of whether he was a principal and present at the scene of the murder was fully litigated in his favor at the

first trial and improperly relitigated at the second.

This court held in *State v. Bernier,* 491 A.2d 1000, 1005 (R.I.1985), that collateral estoppel does not bar the use of offenses for which a defendant was tried and acquitted if the evidence is competent and otherwise admissible. The fact of acquittal goes to the weight, not the admissibility, of the evidence. Evidence of the acquittal may, nevertheless, be presented to weaken the prosecution's proof of other crimes. *Id.* at 1005–06. Other-crimes evidence is admissible to prove the specific crime charged when it tends to establish motive, intent, absence of mistake, common scheme or plan, or the perpetrator's identity. *State v. Sepe,* 122 R.I. 560, 565, 410 A.2d 127, 130 (1980); *State v. Mancini,* 108 R.I. 261, 266–67, 274 A.2d 742, 745 (1971).

In the instant case the trial justice admitted facts surrounding the murder of Margolin to prove defendant's intent to carry out the object of the conspiracy. He cautioned jurors that the evidence was offered only "to show * * * some motive or plan in connection with the conspiracy." As such, the evidence of the murder was properly admitted.

The defendant also asserts that the judge failed to give sufficient specific cautionary instructions to the jury regarding the limited use of the evidence of Margolin's murder. However, the record reflects that defense counsel made no specific objection to the trial justice's charge to the jury and has therefore waived this issue on appeal. Super.R.Crim.P. 30; *See State v. Medeiros,* 599 A.2d 723, 727 (R.I.1991); *State v. Parker,* 472 A.2d 1206, 1210 (R.I.1984); *State v. Marrapese,* 116 R.I. 1, 12, 351 A.2d 95, 100 (1976).

The defendant next claims that the trial justice, who also presided over the defendant's first murder-and-conspiracy trial, was biased against him as evidenced by the rulings challenged in this appeal. In support of his claim, the defendant offers a letter written by the trial justice and addressed to the defendant at the Adult Correctional Institution. The letter, dated May 3, 1995, was sent in response to the defendant's written request to have the trial justice's no-parole recommendation removed from his record.

Although the letter was brusque, it was written after the defendant had been sentenced. Upon review of the record, we are of the opinion that the trial justice conducted both trials impartially and fairly.

For these reasons the defendant's appeal is denied and dismissed. The judgment of conviction appealed from is affirmed, and the papers of the case may be remanded to the Superior Court.