**STATE**

v.

**Lowell A. SPARKS, Jr.**

**No. 95–150–C.A.**

Supreme Court of Rhode Island.

Dec. 14, 1995.

Aaron Weisman, Asst. Atty. General, for Plaintiff.

Catherine Gibran, Paula Rosin, Asst. Public Defenders, for Defendant.

**OPINION**

PER CURIAM.

This matter came before the Supreme Court on November 7, 1995, pursuant to an order directing the defendant, Lowell A. Sparks, Jr., to appear and show cause why the issues raised in this appeal should not be summarily decided. The defendant appeals from an adjudication of probation violation. The violation was based upon a criminal charge that the defendant had committed an assault and battery. After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, we are of the opinion that cause has not been shown and that the issues raised by this appeal will be decided at this time.

The violation hearing was held before a justice of the Superior Court. The principal witness at the hearing testified that defendant is and has been her boyfriend for the past six years. She testified that on July 23, 1994, defendant was living with her and her seventeen-year-old daughter. She testified that early that evening she called the police because she wanted defendant out of her house because he had been drinking. She

and defendant had been arguing for two days. She testified that defendant had not touched her. When the police arrived, she told them that she "just wanted him out of my house." In response, the police stated that she would have to file a report. She then wrote a statement that she had been struck, which she now claims was a lie. She testified that she lied in her statement out of fear of what might happen between her and defendant because of what had happened between them in the past. Specifically, she stated that when they drank, they fought, and in the past she had been injured as a result. She testified that at the time she wrote the statement, she was intoxicated and had only had two hours of sleep. In her statement to police this witness wrote that defendant had opened her daughter's window, started to throw her around, hit her in the ribs, and slapped her in the face. She testified that she later contacted the Public Defender's office and signed an affidavit stating that she wanted to withdraw the complaint.

Another witness was a local police officer who had responded to the woman's call. He testified that the woman told him that defendant had been drinking and that he had pushed, slapped, and punched her. He testified further that she had stated that defendant had left the house, then returned without a key and tried to kick open the door. When defendant could not enter the house through the door, he entered through a window and the officers were called.

The officer testified that he noted nothing unusual about the woman's speech or physical appearance. She did not have any trouble writing her statement, nor did she appear to be under the influence of alcohol. However, he did testify that "she would cry on and off a little bit." He also testified that he spoke to the woman through a "full size window" because the door to the apartment was stuck.

The trial justice reviewed the woman's testimony and concluded that she had not been truthful in giving it. He found that she was doing the best she could in the circumstances to "try and save this guy from jail." The trial justice further stated that he had abso-

lutely no doubt about "the culpability of the defendant when coupled with the cogent, reasonable, and unbellished [*sic*] testimony of [the police officer]." The trial justice also noted that the woman's statement was "cogently written" and legible. He declared that defendant had violated the terms of his probation and sentenced him to serve the eight and one-half years of the previously suspended sentence. The trial justice noted that the suspended sentence had been imposed in a felony-assault case in which the woman who had been assaulted was this same victim.

The defendant's sole argument on appeal is that an uncorroborated, unsworn, prior inconsistent statement is insufficient proof of a criminal violation when the content of that statement is repudiated at a violation hearing.

■ The court is of the opinion that defendant has improperly characterized the evidence presented. The woman's written statement to the police was not uncorroborated. Her written statement was not the only evidence offered by the state to support its allegation that defendant violated probation. The police officer testified that the woman had given him orally essentially the same version of events that she had written in the statement. The police officer was able to describe his observations of the woman, which differed from the presentation she offered at the hearing.

■ The trial justice was faced with a credibility determination. He believed that the in-court testimony of the woman was not credible. It is not the function of this court to weigh the credibility of the witnesses. "The task of determining the credibility of witnesses is peculiarly the function of the trial justice when sitting without a jury." *Walton v. Baird,* 433 A.2d 963, 964 (R.I. 1981).

■ At a probation-revocation hearing "the prosecution is not required to prove an accused's violation of probation beyond a reasonable doubt; rather the prosecution need only establish the violation by reasonably satisfactory evidence." *In re Lamarine,* 527 A.2d 1133, 1135 (R.I.1987). "Moreover, this

court's review is limited to a consideration of whether the trial justice acted arbitrarily or capriciously in finding a violation." *Id.*

Although this court has not previously addressed this precise issue, the advisory committee's notes to Rule 801(d)(1)(A) of the Rhode Island Rules of Evidence state that "because of the lower quantum of proof required in civil cases, a prior inconsistent statement may well be sufficient to support a civil judgment." The state asserts that because the "reasonably satisfied" standard of a probation-revocation hearing allows an even more relaxed burden of proof than the preponderance-of-the-evidence standard required in a civil case, a statement inconsistent with the declarant's testimony introduced at a violation hearing should be considered enough, standing alone, to sustain the state's burden of proving a defendant's violation by reasonably satisfactory evidence.

The court is of the opinion that the trial justice in this instance did not act arbitrarily or capriciously in finding that the defendant had violated his probation.

For these reasons the defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.