**STATE**

v.

**Dennis A. CIOLLI.**

No. 97–429–C.A.

Supreme Court of Rhode Island.

Jan. 12, 1999.

Andrea J. Mendes, Aaron L. Weisman, Paul F. Daly, Jr., Providence, for plaintiff.

William Kenneth O'Donnell, Providence, for defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

**OPINION**

PER CURIAM.

This case came before the court for oral argument on November 4, 1998, pursuant to an order entered April 16, 1998, directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be summarily decided.

The following facts are undisputed. On March 22, 1992, the defendant, Dennis A. Ciolli (defendant), and a codefendant, William Connolly (Connolly), were arrested at Green State Airport while in possession of approximately thirty-eight pounds of marijuana. Both were charged with possession of marijuana and conspiracy to violate the controlled substances act. G.L.1956 § 21–28–4.01. Connolly pled to the offenses and was sentenced to a term of imprisonment for twenty years, the first three to be served in home confinement, the remaining seventeen years suspended with probation. Ciolli elected to proceed to trial on his charges.

At his trial, the defendant testified that he was unaware that the suitcases in his possession at the airport contained marijuana and denied that his trip to Arizona had been for the purpose of purchasing drugs. The jury found the defendant guilty on both charges. In the preparation of a presentencing report, a probation officer, Sharon Braitsch, interviewed the defendant. During the interview, the defendant admitted to Ms. Braitsch that he had traveled to Arizona in order to purchase marijuana, that he was fully aware of the contents of the suitcases, that he was to be paid $10,000 for transporting the drugs, and that he knew his activity was wrong.

At the sentencing hearing, the state recommended a sentence of thirty years imprisonment, with seventeen of those years to be suspended with probation. The trial justice rejected this recommendation and instead sentenced the defendant to concurrent terms of twenty years imprisonment, two years to serve in minimum-security work release, followed by three years in home confinement, and a succeeding suspended sentence of fifteen years with probation. In considering the appropriate sentence, the trial justice referred to the defendant's acknowledgment to the probation officer that his testimony at trial had been untruthful. The defendant filed no appeal from his conviction and sentence.

Subsequently, a later information was filed, charging the defendant with four counts of perjury stemming from his earlier trial. He filed a motion to dismiss the perjury information on double jeopardy grounds. A second trial justice granted the motion and dismissed the criminal information. The state appeals and asserts that the second trial justice erred in concluding that the per-

jury charges were barred by the defendant's sentence following the trial in which the perjury had taken place.

The defendant asserts, in support of the trial justice's dismissal order, that because in sentencing the defendant, the trial justice considered that the defendant had been untruthful in the previous trial, the State was therefore precluded from bringing a later charge of perjury on the grounds that this constituted a successive punishment in violation of the double jeopardy clause. We find this argument as unique as it is meritless.

■ "In determining a fair sentence, a trial justice considers various factors including the severity of the crime, the defendant's personal, educational, and employment background, the potential for rehabilitation, societal deterrence, and the appropriateness of the punishment." *State v. Ballard,* 699 A.2d 14, 16, n. 4 (R.I.1997) (quoting *State v. Brigham,* 666 A.2d 405, 406 (R.I.1995)). *See also State v. Gordon* 539 A.2d 528, 530 (R.I.1988).

"Most of these factors are multidimensional and require a trial justice to reflect upon a variety of subsidiary factors. *** For example, with respect to the element of rehabilitation, a trial justice may consider a 'defendant's attitude toward society, his sense of remorse, as well as his inclination and capacity to take his place as an honest and useful member of society.' *** Likewise, a defendant's giving of false testimony may be probative of his attitude toward society and consequently his prospects for rehabilitation." *State v. Tiernan,* 645 A.2d 482, 485 (R.I.1994).

In *State v. Bertoldi,* 495 A.2d 247, 253 (R.I. 1985), we stated that the defendant's willingness to testify at his trial and deliberately testify untruthfully "is most assuredly a probative and important piece of information to consider when evaluating a defendant's prospects for rehabilitation" because "[i]t reveals that the defendant is perfectly willing to commit a crime in an attempt to conceal an earlier crime." We concluded by stating that "[w]hen considering whether a particular defendant can successfully regain his or her place in society, we do not think a trial justice can overlook a willingness to lie under oath." *Id.*

In the instant matter, the sentencing justice considered the defendant's previous testimony and stated that:

"I believe I indicated in my ruling on the motion for a new trial that I found this defendant's testimony at trial to be incredible. And yet, since that time, this defendant appears to have finally come to grips with the truth and reality of the fact that he did indeed commit his crime. He has since admitted going to Arizona for the purpose of purchasing drugs and he appears to be clearly remorseful for his conduct ***."

Later, she stated:

"I believe that this defendant's final admission of guilt, albeit after the trial of this case, and the remorse he currently indicated supports this sentence in the interest of justice."

The sentencing justice thereupon rejected the state's sentence recommendation, opting instead to sentence the defendant to a lesser punishment.

■ As we have stated previously "[i]t has long been recognized by the United States Supreme Court that the double jeopardy clause 'protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense.'" *State v. One 1990 Chevrolet Corvette VIN: 1G1YY3388L5111488,* 695 A.2d 502, 505 (R.I. 1997) (quoting *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487, 496 (1989)). *See also Witte v. United States,* 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995).

■ On the facts in this case, we conclude that the sentencing justice's consideration of the defendant's false trial testimony was nothing more than a subsidiary sentencing factor, which did not constitute punishment for the crime of perjury under the double jeopardy clause. Rather than finding that the defendant's untruthfulness under oath constituted an aggravating factor that warranted the maximum sentence under the statute, the sentencing justice instead found

that the defendant's admission of perjury to be evidence of remorse and in her discretion, used this admission as a mitigating factor to impose a more lenient sentence. In any event, it was error for the trial justice to have granted the motion to dismiss the criminal information on double jeopardy grounds because clearly the criminal information for perjury was not a prosecution for the same offense for which the defendant had been convicted previously, nor had the defendant ever been punished previously for his admitted perjury.

For the foregoing reasons, the state's appeal is sustained. The judgment of the Superior Court is vacated, and the papers in this case are remanded for further proceedings in respect to the pending information.