## STATE

v.

## George HULL.

## No. 99–114–C.A.

Supreme Court of Rhode Island.

June 5, 2000.

Aaron L. Weisman, Providence, for Plaintiff.

Catherine A. Gibran, Paula Rosin, Providence, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

**PER CURIAM.**

The propriety of a probation violator's consecutive sentencing, an alleged double-jeopardy violation, and the sufficiency of the evidence at a probation-violation hearing are at issue on this appeal. The defendant, George Hull (Hull), appeals from a Superior Court order adjudging him a probation violator for committing first-degree sexual assault and denying his motion to dismiss a sexual-assault indictment on double-jeopardy grounds. Previously, Hull had been convicted of two separate

charges for possessing a stolen motor vehicle. After the original sentencing justice imposed a fifty-five-month suspended sentence for the first such conviction in January 1994, a second sentencing justice imposed a three-year suspended sentence for the second such conviction in December 1994. Both Superior Court sentencing justices placed Hull on probation for these respective periods, but the second sentencing justice did not indicate whether the three-year suspended sentence would be concurrent or consecutive to the original fifty-five-month suspended sentence. When a violation-hearing justice later adjudged Hull a probation violator, he revoked Hull's probation and required him to serve consecutively the full term of both his two previously suspended sentences. On appeal, Hull challenges the propriety of this consecutive sentencing and the sufficiency of the evidence introduced to establish his probation violation, as well as the Superior Court's denial of his motion to dismiss the underlying sexual-assault indictment on double-jeopardy grounds.

Following a prebriefing conference, a single justice of this Court directed Hull to show cause why his appeal should not be summarily decided. Because no cause has been shown, we proceed to resolve the appeal without further briefing and argument.

While Hull was still on probation for his previous convictions, the state charged him with first-degree sexual assault. Following the impanelment of a jury for a combined probation-revocation hearing and a trial on this charge, the prosecutor delivered an opening statement in which he referred to the unrelated murder of the rape victim's friend. The defense objected to the prosecutor's comments as highly prejudicial and improper and moved for a mistrial. Following argument by counsel, the trial justice granted Hull's motion. The following day, Hull moved to dismiss the indictment on double-jeopardy grounds, arguing that the prosecutor deliberately goaded him into moving for a mis-

trial. The violation-hearing justice denied the motion and proceeded with the hearing. In his decision, the violation-hearing justice reviewed the evidence presented and determined that the victim's testimony was credible and corroborated by other evidence. As a result, he concluded that Hull had violated the terms and conditions of his probation.

## Sufficiency of the Evidence

On appeal, Hull contends that the violation-hearing justice acted arbitrarily and capriciously in finding a violation based upon the evidence presented. This Court has long held that at a probation-revocation hearing, the standard of proof is lower than in a criminal case: namely, "reasonably satisfactory evidence instead of proof beyond a reasonable doubt." *State v. Smith*, 721 A.2d 847, 849 (R.I. 1998) (per curiam). Our review is limited to a consideration of whether the violation-hearing justice acted arbitrarily or capriciously in finding a violation. See *id.* Furthermore, it is the function of that justice, not this Court, to determine the credibility of witnesses. See *State v. Sparks*, 667 A.2d 1250, 1251 (R.I.1995) (per curiam).

Here, the violation-hearing justice evaluated the victim's testimony and found her credible. He concluded that she had no motive to lie, noting that she was imprisoned and that her testimony had not been induced by any promises or rewards from the state. He stated that "[t]here was no evidence whatsoever that indicated that her testimony at this hearing was in any way premised on some promise the State had made in connection with the sentence she's presently serving." Thus, the justice was reasonably satisfied that Hull had violated the terms and conditions of his probation. See *State v. Kennedy*, 702 A.2d 28, 31 (R.I.1997). This determination, we conclude, was within the violation-hearing justice's sound discretion, was neither arbitrary nor capricious, and was based upon the evidence.

## Double Jeopardy

Hull also asserts that the Superior Court erred in denying his motion to dismiss the underlying indictment against him on double-jeopardy grounds. Relying on the exception set forth in *Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), Hull argues that a defense motion for a mistrial that is induced deliberately by prosecutorial misconduct should not preclude dismissal of the indictment on double-jeopardy grounds. Hull contends that the prosecutor goaded him into moving for a mistrial by making highly inflammatory comments during his opening statement about the murder of the victim's friend. He argues that the parties had discussed the matter with the court in chambers before trial and the court determined that this topic would be off-limits during the combined trial and violation hearing. Nonetheless, Hull contends, the prosecutor violated these ground rules when he referred to this matter during his opening statement.

 In *State v. Diaz*, 521 A.2d 129 (R.I.1987), this Court followed the standard enunciated in *Kennedy* for deciding whether the prosecutor is guilty of goading the defense into moving for a mistrial. See *Diaz*, 521 A.2d at 132 (citing *Kennedy*, 456 U.S. at 676, 102 S.Ct. at 2089, 72 L.Ed.2d at 425). Whether prosecutorial misconduct was intended to goad the defendant into seeking a mistrial is a question of fact for the trial court to decide. *Id.* at 133. Moreover, we will not disturb such findings if they are supported by competent evidence. See *id.*

Here, the violation-hearing justice considered the prosecutor's opening statements during the aborted trial and determined that, although these comments were inappropriate and misleading, the prosecutor did not intend to provoke a mistrial motion. The justice considered the intent of the prosecutor in making these remarks when he stated:

"I think it's fair for the State to explain to the jury why this woman [the alleged victim] had unburdened herself after some two-month period. * * * I agree that your comments * * * were inappropriate * * *. I'm convinced, however, that under no circumstances did you intend to goad this defendant into moving for mistrial."

 The record here supports the court's finding that the prosecutor did not intentionally goad or provoke defendant into moving for a mistrial. The prosecutor had a legitimate reason for trying to explain the victim's behavior, although his inartful attempt to do so crossed the line that the court had established before trial and resulted in the mistrial. Thus, the court did not err in denying defendant's motion to dismiss on double-jeopardy grounds.

## Consecutive Sentencing

Hull next argues that the violation-hearing justice illegally required him to serve his previously suspended sentences consecutively rather than concurrently. He suggests that his original suspended sentences with probation must be deemed to run concurrently because the second original-sentencing justice made no express provision for them to run consecutively. As a result, he contends, the violation-hearing justice was bound by the concurrent running of his two suspended sentences and, therefore, that justice erroneously required him to serve the sentences consecutively after concluding that Hull had violated his probation. The state counters that nothing in the record indicates that the second original-sentencing justice was even aware of Hull's prior-suspended sentence of fifty-five months, much less that he took it into account when he imposed a thirty-six-month suspended sentence for Hull's second offense, a disposition that, if it were supposed to run concurrently would, as a practical matter, have added no time to the initial fifty-five-month suspended sentence. Therefore, the state argues, in the absence of any record evi-

dence of the court's awareness of the first sentence, the violation-hearing justice in this case was free to impose consecutive sentences for the probation violation. We disagree.

■ " 'The justice who finds a violation of the probationary status and executes the sentence is bound by the initial determination' of the justice who originally imposed the sentence." *State v. Heath,* 742 A.2d 1200, 1201 (R.I.2000) (per curiam). "[W]hen two or more sentences are imposed upon a defendant and no provision is made that they be served consecutively, a presumption arises that they were imposed to be served concurrently." *State v. Taylor,* 473 A.2d 290, 290–91 (R.I.1984) (per curiam). "[O]nce the sentencing justice exercises his choice of imposing consecutive or concurrent sentences, that choice 'is thereafter binding upon the justice who later revokes the suspension.' " *Id.* at 291 (quoting *State v. Studman,* 468 A.2d 918, 920 (R.I.1983)). As we noted in *Studman,* "[w]hether a sentencing justice imposes several sentences at the same time or is aware of prior sentences imposed by another justice, he or she is in the position to exercise the choice of imposing consecutive or concurrent sentences. That choice * * * is thereafter binding upon the justice who later revokes the suspension." *Studman,* 468 A.2d at 920. Here, nothing in the record rebuts the presumption that the second original-sentencing justice was aware of Hull's prior-suspended sentence. Moreover, regardless of whether that sentencing justice had any actual knowledge of the first sentence, the second original-sentencing justice was in a position to exercise the choice of imposing consecutive or concurrent sentences because he should have been able to obtain access to Hull's previous record of convictions before imposing sentence upon him.

■ For these reasons, the violation-hearing justice erred in imposing consecutive sentences for Hull's probation violation. Under the above case law, the violation-hearing justice should have presumed that Hull's original sentences ran concurrently absent any indication in the record that would rebut that presumption. Thus, the violation-hearing justice should have maintained the concurrent status of the sentences in imposing a sentence for the probation violation. Absent any evidence to the contrary, the justice who originally sentenced Hull to the thirty-six-month suspended sentence with probation in December 1994 must be presumed either to have had access to Hull's January 1994 sentence of fifty-five months suspended with probation or to have sentenced Hull without regard to his prior conviction record. In either event, the sentences are deemed to run concurrently. In *Taylor,* the original sentences were almost two years apart, yet we found that the sentences were presumed to run concurrently. *Taylor,* 473 A.2d at 290–91. Here they occurred within one year of each other.

## Conclusion

The evidence supports the court's finding that Hull violated his probation and that the prosecution did not goad the defendant into moving for a mistrial. The violation-hearing justice erred, however, in imposing consecutive sentences. Therefore, we deny the appeal in regard to the justice's violation finding and the double-jeopardy issue, but we sustain Hull's appeal in regard to the imposition of consecutive sentences, vacate the sentencing order, and remand this case for entry of an amended sentencing order providing for concurrent sentences.