# STATE

v.

## Mark FUSCALDO.

### No. 2001-16-C.A.

Supreme Court of Rhode Island.

March 27, 2002.

Annie Goldberg, Aaron L. Weisman, Dianne L. Leyden, Providence.

Catherine A. Gibran, Paula Rosin, Providence.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## O R D E R

This case came before the Court for oral argument on March 7, 2002, pursuant to an order that directed both parties to appear to show cause why the issues raised by this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The facts pertinent to this appeal are as follows.

The defendant, Mark Fuscaldo (defendant), appeals from an adjudication of a probation violation. During the probation violation hearing, held in the Superior Court, Joseph Miceli (Miceli) testified that he had been attacked by defendant outside his home and sustained severe injuries to his face. The defendant, on the other hand, stated that he did not initiate the altercation, but instead it was Miceli who attacked him. The defendant further disputed the time that Miceli alleged that the altercation occurred and the degree of Miceli's injury.

Another witness, Officer Sean Maloney (Officer Maloney), corroborated Miceli's testimony that he sustained facial injuries at the time Miceli claimed the altercation occurred. Officer Maloney testified that, while on patrol, he observed rescue and fire personnel in front of Miceli's home, at the time Miceli claimed defendant attacked him. Upon further investigation, Officer Maloney encountered a white male, later identified as Miceli, with bruises and severe swelling on his face. At the conclusion of the testimony, the trial justice determined that defendant had violated his probation. The trial justice then imposed a sentence of sixty-six months, an originally suspended sentence that defendant received from an earlier conviction.[1] The defendant timely appealed.

The defendant argues that the trial justice's decision was arbitrary and capricious because the state failed to meet its burden by producing evidence that was incredulous. We disagree.

"[T]his Court's review of a [trial] justice's decision in a probation-violation proceeding is limited to considering whether the [trial] justice acted arbitrarily or capriciously in finding a violation." *State v. Znosko*, 755 A.2d 832, 834 (R.I.2000) (quoting *State v. Rioux*, 708 A.2d 895, 897 (R.I. 1998)). "[T]he credibility of witnesses and the weight to be accorded their testimony is solely the function of the trial justice." *State v. Nania*, 786 A.2d 1066, 1068 (R.I. 2001) (citing *State v. Hull*, 754 A.2d 84, 86 (R.I.2000)).

In the instant case, the trial justice's decision was not arbitrary or capricious. After hearing testimony from the witnesses, the trial justice properly undertook a lengthy discussion to determine each witness's credibility. The trial justice ultimately believed the prosecution witnesses, and disbelieved defendant's testimony. The defendant fails to provide a basis for this Court to disturb the trial justice's finding that Miceli was a more credible witness. *See id.*

Furthermore, the defendant argues that, other than Officer Maloney's testimony, there was insufficient corroborative evidence to support the trial justice's finding. "It is well settled that a probation revocation hearing is not part of the criminal prosecution process and therefore does not lend itself to 'the full panoply of rights due a defendant in such a criminal proceeding.'" *Znosko*, 755 A.2d at 834 (quoting *State v. Kennedy*, 702 A.2d 28, 31 (R.I. 1997)). The standard to "establish a probation violation need only be by reasonably satisfactory evidence," not proof of violation beyond a reasonable doubt. *Id.* (quoting *Kennedy*, 702 A.2d at 31). The record contains sufficient evidence, including Officer Maloney's testimony, to satisfy this burden.

Accordingly, the defendant's appeal is denied and dismissed. The judgment of the Superior Court is affirmed. The papers of the case are returned to the Superior Court.

---

1. On April 24, 1997, defendant pled *nolo contendere* to one count of conspiracy to violate the Uniform Controlled Substances Act, G.L. 1956 § 21–28–4.08. The defendant was sentenced to six years, with six months to serve. The remaining sixty-six months were suspended, during which time he was placed on probation.