STATE

v.

Emiliano PAGAN.

No. 2000–418–C.A.

Supreme Court of Rhode Island.

March 28, 2002.

Virginia M. McGinn, Aaron L. Weisman, Providence.

Catherine A. Gibran, Paula Rosin, Providence.

## ORDER

The defendant, Emiliano Pagan, has appealed the adjudication of violation of the terms and conditions of his probation. As a result of the violation, the defendant was sentenced to serve three years of a previously-imposed nine-year suspended sentence for past convictions.[1]

This case came before the Supreme Court for oral argument on March 6, 2002, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and reviewing the record and memoranda of the parties, we conclude that cause has not been shown, and we summarily affirm the judgment of the Superior Court.

On September 29, 1999, two people entered the home shared by Luis Talavera (Talavera) and Maria Davis (Davis); one robbed Davis of money and jewelry, while the second held a gun. Talavera pursued the robbers and was shot by the second assailant. On October 1, 1999, two days after the attack, Talavera selected defendant's photograph from a photo array, identifying him to Providence Police Detective Robert Drohan. (Detective Drohan) as the person who took the money and jewelry. Talavera gave an additional statement to Detective Drohan on May 10, 2000, in which he stated that defendant and another man, who had a gun, knocked on his door, came in, and robbed him.[2] During defendant's probation-violation hearing on June 16, 2000, however, Talavera testified that defendant was not involved in the robbery and that his earlier identifications of defendant should be discounted because, at the time the statements were made, he was under the influence of morphine, confused, and lacked an interpreter. Detective Drohan testified that there was no need for an interpreter when he interviewed Talavera because both he and Talavera had spoken in English.

Faced with Talavera's inconsistent statements, the hearing justice found that what Talavera "said to the police on two separate occasions was closer to the truth than what he testified to." Noting that the standard for determining probation violations "is considerably less than the standard in a trial on the merits of the case," the justice concluded that "this Court, after considering all the evidence and weighing it carefully, is in fact reasonably satisfied that the Defendant has violated the terms of his probation." On appeal, defendant argued that Talavera's prior inconsistent statements were insufficient to support an adjudication of probation violation.

This Court's "review of a hearing justice's decision in a probation-violation proceeding is limited to considering whether

---

1. The defendant's underlying convictions included conspiracy, possession with intent to deliver heroin, and possession with intent to deliver near a school.

2. At the beginning of the probation-violation hearing, the prosecution amended its complaint to state that defendant had robbed *Davis,* not Talavera.

the hearing justice acted arbitrarily or capriciously in finding a violation." *State v. Rioux,* 708 A.2d 895, 897 (R.I.1998) (per curiam). At a probation-violation hearing, the prosecution need not prove its case beyond a reasonable doubt. *Id.* Rather, it must establish the violation using reasonably satisfactory evidence. *Id.* Here, the hearing justice performed the requisite tasks of judging the credibility of witnesses, and he was reasonably satisfied that the evidence supported a finding that defendant violated the terms of his probation.

In *State v. Sparks,* 667 A.2d 1250, 1251–52 (R.I.1995) (per curiam), this Court expressly rejected the argument that prior inconsistent statements are insufficient to form the basis for an adjudication of a probation violation. In *Sparks,* a hearing justice found that the defendant violated the terms of his probation by committing an assault and battery against his girlfriend. *Id.* at 1250. The girlfriend had filed a statement with the police indicating

that the defendant struck her, which she later repudiated during her testimony at the violation hearing. *Id.* at 1251. In *Sparks,* as in the case at bar, a police officer was able to testify regarding the circumstances surrounding the making of the prior inconsistent statement. *Id.*

The facts in this case are indistinguishable from those in *Sparks* in all material respects. Therefore, we conclude that the hearing justice did not act arbitrarily or capriciously in finding that the defendant violated the terms of his probation. *Id.* Accordingly, we deny and dismiss the defendant's appeal, and we summarily affirm the judgment of the Superior Court, to which we return the papers in the case.