STATE

v.

**Richard BEVERLY.**

No. 2000–524–C.A.

Supreme Court of Rhode Island.

May 15, 2003.

Jane McSoley, Aaron Weisman, Providence, for Plaintiff.

Catherine Gibran, Paula Rosin, Providence, Richard Beverly (pro se), for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, JJ., and SHEA, J. (Ret.).

## O P I N I O N

PER CURIAM.

This probation violation case came before the Court for oral argument on March 10, 2003, pursuant to an order directing the parties to appear and show cause why the issues raised by this appeal should not summarily be decided. After hearing the arguments of counsel, and after examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the case should be decided at this time.

On August 10, 2000, defendant, Richard Beverly (defendant), was determined to be in violation of his probation and was ordered to serve the suspended portions of sentences of imprisonment that he previously had received for breaking and entering and for eluding a police officer. The defendant contends on appeal that the trial justice's decision was arbitrary and capri-

cious because the state failed to meet its burden of proof. We disagree.

During the probation violation hearing, Sgt. Russell Henry of the Cranston police department testified that on June 22, 2002, at approximately 2 a.m., he heard the sound of an alarm coming from Sam's Food and Fuel at 644 Oaklawn Avenue, Cranston. At the time, Sgt. Henry was off duty, and he did not have with him any police identification, weapon or radio transmitter to effectuate an arrest. Accordingly, he remained in his vehicle when he approached the scene. He observed that one of the doors to the store had been shattered and that there was a white car near the entrance with both of its front doors open. He positioned his vehicle at an angle to face the suspect vehicle and the entrance to the store. Shortly thereafter, two men exited the store. The first dashed toward the suspect vehicle, while the second, who was carrying "a metal object and some type of cardboard boxes[,]" took off on foot. Sergeant Henry testified that he clearly observed the second man, whom he identified as defendant. In his defense, defendant's girlfriend, Mary Berouty, testified that he had been with her the entire night and that, had he left their home, she would have awakened because she is a light sleeper.

"[T]his Court's review of a [trial] justice's decision in a probation-violation proceeding is limited to considering whether the [trial] justice acted arbitrarily or capriciously in finding a violation." *State v. Fuscaldo,* 793 A.2d 1044, 1045 (R.I.2002) (mem.) (quoting *State v. Znosko,* 755 A.2d 832, 834 (R.I.2000)). Rather than proving its case beyond a reasonable doubt, the prosecution need only "establish the violation using reasonably satisfactory evidence." *State v. Pagan,* 793 A.2d 1046, 1047 (R.I.2002) (mem.) (citing *State v. Rioux,* 708 A.2d 895, 897 (R.I.1998) (per

curiam)). "[T]he credibility of witnesses and the weight to be accorded their testimony is solely the function of the trial justice." *Fuscaldo*, 793 A.2d at 1045 (quoting *State v. Nania*, 786 A.2d 1066, 1068 (R.I.2001)).

In this case, the trial justice weighed the evidence and properly engaged in the requisite task of judging the credibility of the witnesses. Ultimately, the trial justice chose to believe Sgt. Henry's testimony over that of Ms. Berouty. He properly rejected defendant's argument that any lack of fingerprint evidence would be exculpatory. The defendant has failed to provide any basis for this Court to disturb the trial justice's findings that Sgt. Henry was a more credible witness and that the lack of fingerprint evidence did not contradict such credible eyewitness testimony.

For the foregoing reasons, defendant's appeal is denied and dismissed, the judgment of the Superior Court is affirmed. The papers in this case are remanded to the Superior Court.