STATE

v.

**Russell YATES.**

No. 2006–139–C.A.

Supreme Court of Rhode Island.

Oct. 24, 2007.

Aaron L. Weisman, Providence, Christopher R. Bush, for Plaintiff.

Marie T. Roebuck, Providence, for Defendant.

**O R D E R**

The defendant, Russell Yates, appeals from the Superior Court's denial of his motion to dismiss a criminal indictment charging him with robbery, two counts of felony assault, and obstruction of a police officer. This case came before the Court for oral argument on September 27, 2007, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments and examining the memoranda submitted by the parties, we are of the opinion that this appeal may be decided at this time without further briefing or argument. For the reasons set forth in this order, we affirm the judgment of the Superior Court.

On December 15, 1989, defendant pled *nolo contendere* to an eleven-count indictment that charged him with racketeering, violating the state's narcotics laws, carrying a pistol without a license, and altering markings on a firearm. Upon his plea of *nolo contendere,* defendant was sentenced to a term of twenty-five years, with the first twelve years to be served at the Adult Correctional Institutions and the balance to be suspended, with probation. Then, on October 28, 2002, defendant was charged with robbery, two felony assaults, and obstruction of a police officer. The defendant was presented as a violator of the terms of his probation pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure. On October 5, 2004, a hearing justice determined that defendant had violated the terms and conditions of his probation and he executed the suspended sentence.[1] On April 17, 2006, defendant moved to dismiss the pending indictment, arguing that further prosecution would result in his being tried twice for the same criminal acts.[2] The Superior Court denied defendant's motion, citing this Court's holding in *State v. Gautier,* 871 A.2d 347 (R.I.2005), as controlling authority.

On appeal, defendant presses his argument that the double jeopardy clauses of the Fifth Amendment to the United States Constitution and article 1, section 7, of the Rhode Island Constitution ban prosecution of the robbery, felony assaults, and obstruction offenses because those acts served as the basis for the finding that he violated the terms of his probation. Specifically, he contends he already has been punished for those crimes because he was deemed to be a violator of probation and was incarcerated. In response, the state argues that the hearing justice appropriately found *Gautier* to control when he dismissed defendant's motion.

The Fifth Amendment to the United States Constitution and article 1, section 7, of the Rhode Island Constitution, both say

---

1. The finding of violation that the hearing justice made is the subject of a separate appeal.

2. Although defendant initially moved to dismiss only count 1 of the indictment, the robbery charge, his counsel subsequently moved to dismiss the entire indictment.

that no person shall "be subject for the same offense to be twice put in jeopardy." The double jeopardy clauses act as safeguards to protect against: " '[1] a second prosecution for the same offense after acquittal; [2] a second prosecution for the same offense after conviction; and [3] multiple punishments for the same offense.' " *State v. Ciolli*, 725 A.2d 268, 270 (R.I.1999) (quoting *State v. One 1990 Chevrolet Corvette*, 695 A.2d 502, 505 (R.I.1997)).

It is well settled that a probation revocation hearing is not part of the criminal prosecution process for the new offense. See *State v. Pinney*, 672 A.2d 870, 871 (R.I.1996); *State v. Chase*, 588 A.2d 120, 122 (R.I.1991). We have characterized a violation hearing as "a continuation of the original prosecution for which probation was imposed— * * * the sole purpose of which is to determine whether a defendant has breached a condition of his existing probation [and] not to convict [him] of a new criminal offense." *Gautier*, 871 A.2d at 361; *State v. Bourdeau*, 448 A.2d 1247, 1248 (R.I.1982).

We held in *Gautier* "that double jeopardy does not operate to bar prosecution of a defendant for criminal misconduct after the state alleges that very same misconduct as a basis for finding a violation of the defendant's preexisting probation." *Gautier*, 871 A.2d at 361. We further said "that jeopardy does not attach to probation-revocation proceedings, because such proceedings," which are civil in nature, " 'are not designed to punish [defendants] for violation of a criminal law.' " *Id.* (quoting *Hardy v. United States*, 578 A.2d 178, 181 (D.C.1990)).

Despite the defendant's assertion to the contrary, we are of the opinion that our holding in *Gautier* is controlling here. The trial court determined that the defendant's actions that resulted in robbery, felony assault, and obstruction charges being filed against him violated his probation, but it never convicted or punished him for those offenses. Thus, the state's subsequent prosecution of the defendant for those offenses does not implicate double jeopardy considerations.

The judgment of the Superior Court is affirmed, and the record shall be returned thereto.