October 22, 2019

**Supreme Court**

No. 2017-398-C.A.
(W1/15-384A)

State                      :

v.                         :

Christopher Forlasto.       :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State                         :

v.                            :

Christopher Forlasto.         :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Indeglia, for the Court.**  The defendant, Christopher Forlasto, appeals from a pretrial order of the Superior Court denying his motion to dismiss one count of first-degree sexual assault on the grounds of double jeopardy and prosecutorial misconduct.[1]  The defendant also appeals from the same pretrial order granting the state's motions *in limine* to exclude certain photographic evidence and to admit evidence of a jury's prior guilty verdict against the defendant, as well as previously acquitted conduct.  This case came before the Supreme Court on October 3, 2019, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After carefully considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth in this opinion, we affirm the order of the Superior Court.

---

[1] This Court has consistently held "that the denial of a motion to dismiss on double jeopardy grounds is immediately appealable, even though such an appeal is interlocutory." *State v. Corleto*, 161 A.3d 504, 506 n.1 (R.I. 2017); *see also State v. O'Connor*, 936 A.2d 216, 217 (R.I. 2007); *State v. Casas*, 792 A.2d 737, 739 (R.I. 2002).

# I

## Facts and Travel

On September 30, 2015, a grand jury indicted defendant on four counts of first-degree sexual assault, in violation of G.L. 1956 § 11-37-2 (counts one, two, three, and five); two counts of assault and battery, in violation of G.L. 1956 § 11-5-3 (counts six and seven); and one count of assault with a dangerous weapon, in violation of § 11-5-2 (count four). Two of the first-degree sexual assault counts were based on allegations of oral penetration (counts two and three), and two counts were based on allegations of anal penetration (counts one and five).

The events giving rise to the charges began on the evening of July 16, 2015, and continued into the early morning hours of July 17, 2015. At a jury trial in Washington County Superior Court, two contrasting versions of events were described by defendant and the complaining witness, Jane.[2] The nine-day trial included seventeen witnesses, both lay and expert, and a large number of exhibits pertaining to serious allegations of sexual assault by defendant. Additionally, evidence of several surgeries that resulted in a lengthy recovery period for Jane was introduced.

After the close of the state's case-in-chief, the trial justice granted defendant's motion for a judgment of acquittal as to count one (first-degree sexual assault based on anal penetration). Later, the defense presented its case, the parties rested, and closing arguments were heard by the jury. After the state's closing argument, defendant objected to what he characterized as an "improper plea to the passions of the jury" when, according to defendant, the prosecutor cried at the end of her closing argument. The trial justice remarked that she had not noticed the prosecutor cry, but she added that the issue had been brought to her attention. The trial justice

---

[2] We refer to the complaining witness in this case by a pseudonym to protect her privacy.

questioned the prosecutor, who admitted that she had become "choked up[,]" but stated that she "didn't cry." The trial justice suggested the following curative instruction for the jury:

> "As is the case in many trials, emotions run high. Witnesses become emotional. Sometimes spectators become emotional. Attorneys also can become emotional. You must disregard any display of emotion so that it does not interfere with your ability to decide this case fairly. When you were selected to sit on this case, you promised us that you would decide this case solely on the evidence properly put before you and on the law that you receive from the court. We are human and not devoid of emotions; however, you are duty bound not to let passion or prejudice influence you in determining the issues in the case."

The trial justice then asked defense counsel: "Is there something else you suggest?" Defense counsel responded: "No, Your Honor. That's fine." The curative instruction was then given to the jury, with no objection.

Also during her instructions to the jury, the trial justice informed the jurors that they would be given a verdict form with six questions, one for each of the six remaining counts of the indictment. Each question referred to the specific acts that formed the basis for that particular count. Ultimately, after deliberations, the jury found defendant not guilty on counts two and three, first-degree sexual assault based upon two alleged acts of oral penetration. The jury also found defendant not guilty on count four, assault with a dangerous weapon, which was based on the allegation that defendant had choked Jane with his hands, and count seven, assault and battery, which was based on the allegation that defendant had bitten Jane's arm. The jury found defendant guilty on count six, assault and battery, which was based on a bite to Jane's cheek. On count five, first-degree sexual assault based upon anal penetration, the jury deadlocked and did not reach a verdict.

Based on the mistrial resulting from the hung jury, the trial justice scheduled a status conference for February 8, 2017, because it was evident that the state would retry defendant on

- 3 -

the deadlocked count. The state and defendant then filed several pretrial motions. The defendant filed a motion to dismiss the sole remaining count, arguing that double jeopardy barred a retrial of acquitted conduct that arose from the same set of facts previously decided by the jury and further arguing that the prosecutor had engaged in conduct that was intended to cause a mistrial. The defendant also filed a motion *in limine* seeking to exclude any reference to acquitted conduct from the first trial. The state objected to defendant's motions and moved *in limine* to permit evidence related to the acquitted conduct. The state filed two additional motions *in limine*: one to introduce evidence of defendant's assault conviction (count six) under Rule 609 of the Rhode Island Rules of Evidence, and one to suppress certain photographic evidence under Rule 403.[3]

The trial justice held a hearing on the parties' motions on May 12, 2017. On June 2, 2017, the trial justice, in a bench decision, denied defendant's motion to dismiss count five on double jeopardy grounds. The trial justice found that the issues defendant sought to foreclose were not actually litigated by the prior jury's acquittal in counts two, three, four, and seven, or in the court's decision as to count one. The trial justice also denied defendant's motion to dismiss on prosecutorial misconduct grounds, finding that defendant had agreed to a curative instruction and had not moved for a mistrial. The trial justice granted the state's motion *in limine* to permit Rule 404(b) evidence of the conduct referenced in acquitted counts one, two, three, and four; however, the trial justice denied the motion as it pertained to the acquitted conduct referenced in count seven. Finally, the trial justice granted the state's motions *in limine* to introduce evidence

---

[3] As of the time of publication of this opinion, defendant has yet to be sentenced on his conviction for assault in count six.

of defendant's assault conviction (count six) for a limited purpose, and to suppress certain photographic evidence. The defendant timely appealed.[4]

## II

## Discussion

## A

## Double Jeopardy

The defendant avers that the state's proposed use of acquitted conduct, pursuant to Rule 404(b), violates his rights under the Double Jeopardy Clause of the Fifth and Fourteenth Amendments to the United States Constitution, as well as article 1, section 7 of the Rhode Island constitution. The defendant contends that the trial justice erred in ordering that facts alleged in the counts for which he was acquitted are admissible into evidence in the retrial of count five, for first-degree sexual assault. According to defendant, the state would be relying on the same facts upon which a jury has already found defendant not guilty, in violation of his right to be free from double jeopardy.

## 1

## Standard of Review

When a defendant alleges a violation of the Double Jeopardy Clause, it "presents this Court with a mixed question of law and fact." *State v. Footman*, 196 A.3d 758, 764 (R.I. 2018). "Therefore, 'our review of such a claim is *de novo*.'" *Id.* (quoting *State v. Marsich*, 10 A.3d 435, 441 (R.I. 2010)). "Within the purview of a *de novo* review, a trial justice's findings of historical fact are accorded great deference." *Id.*

---

[4] We note that defendant's appeal was filed prior to the docketing of the order in the Superior Court, which occurred on February 28, 2019; however, "under circumstances such as the instant case presents, this Court will treat a premature appeal as timely filed." *State v. Diamante*, 83 A.3d 546, 548 n.5 (R.I. 2014).

**2**

**Analysis**

This Court has "interpreted our state constitutional prohibition against double jeopardy in a manner consistent with the Federal Constitution * * * so that our inquiry is ultimately the same under either clause." *State v. One 1990 Chevrolet Corvette VIN: 1G1YY3388L5111488*, 695 A.2d 502, 505 (R.I. 1997). We have recognized that "the double jeopardy clause protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." *State v. Ciolli*, 725 A.2d 268, 270 (R.I. 1999) (quoting *One 1990 Chevrolet Corvette*, 695 A.2d at 505).

The defendant does not allege a violation of any of the three distinct abuses that have been recognized by this Court. The defendant is not being prosecuted for the same offense after an acquittal, because the state seeks retrial for only count five, which resulted in a mistrial. The defendant is not being prosecuted for the same offense after a conviction, and he will not be punished twice for the same offense. The defendant merely asserts that admitting the acquitted conduct into evidence would force him to relitigate issues already decided by a valid judgment of acquittal.

The defendant cites to two United States Supreme Court cases, *Yeager v. United States*, 557 U.S. 110 (2009), and *Ashe v. Swenson*, 397 U.S. 436 (1970), for the proposition that the Double Jeopardy Clause precludes the state "from relitigating any issue that was necessarily decided by a jury's acquittal in a prior trial." *Yeager*, 557 U.S. at 119. The defendant correctly states that those two cases explained that "'when an issue of ultimate fact has once been determined by a valid and final judgment' of acquittal, it 'cannot again be litigated' in a second

trial for a separate offense." *Id.* (quoting *Ashe*, 397 U.S. at 443). The defendant, however, does not argue that the jury in the first trial necessarily decided the ultimate issue in count five, which resulted in a deadlocked jury and is the only count for which the state seeks a retrial. Instead, defendant argues that the jury necessarily decided certain issues when they acquitted him on counts two, three, four, and seven, and that admitting that acquitted conduct into evidence, pursuant to Rule 404(b), would force defendant to relitigate those same issues already decided by a valid judgment of acquittal, in violation of the Double Jeopardy Clause. This argument conflates a double jeopardy contention with one that is evidentiary.

We have consistently held that collateral estoppel does not bar the use of acquitted conduct and that such evidence may be admissible. *See, e.g.*, *State v. Hewes*, 666 A.2d 402, 403 (R.I. 1995); *State v. Bernier*, 491 A.2d 1000, 1005 (R.I. 1985). "The fact of acquittal goes to the weight, not the admissibility, of the evidence." *Hewes*, 666 A.2d at 403. Whether defendant's acquitted conduct is admissible under Rule 404(b) at his retrial on count five is an issue that is not properly before us at this time, as evidentiary issues are matters to be left to the time of trial and do not "fall within the exception * * * which permits a party to appeal, on double jeopardy grounds, before the entry of a final judgment." *State v. O'Connor*, 936 A.2d 216, 223 (R.I. 2007). Accordingly, we will not address that issue at this time.[5]

---

[5] The defendant also asks this Court to reverse certain decisions of the trial justice, which reversal would effectively exclude evidence of defendant's acquitted conduct pursuant to Rule 403 of the Rhode Island Rules of Evidence and defendant's assault conviction in count six, and would allow admission of certain photographic evidence. Again, however, those matters are to be left to the time of trial and are not properly before this Court. *See State v. O'Connor*, 936 A.2d 216, 223 (R.I. 2007) (holding that evidentiary issues are matters to be left to the time of trial and are not considered on interlocutory appeal).

## B

## Prosecutorial Misconduct

The defendant alleges that he suffered a second double jeopardy violation when the trial justice denied his motion to dismiss based upon an allegation of prosecutorial misconduct. Specifically, defendant alleges that the prosecutor started visibly crying during her closing argument in order to intentionally cause a mistrial.

## 1

## Standard of Review

"In instances 'where a defendant has moved for a mistrial and asserts on appeal that double jeopardy bars his retrial because of prosecutorial goading, we defer to the trial court's findings of fact.'" *State v. Rolle*, 84 A.3d 1149, 1154 (R.I. 2014) (quoting *O'Connor*, 936 A.2d at 220). "Whether prosecutorial misconduct was intended to goad the defendant into seeking a mistrial is a question of fact for the trial justice to decide." *Id.* (brackets omitted) (quoting *State v. Hull*, 754 A.2d 84, 87 (R.I. 2000)). "On appeal, we 'will not disturb the trial justice's finding on that factual issue if it is supported by competent evidence.'" *Id.* (brackets omitted) (quoting *O'Connor*, 936 A.2d at 220).

## 2

## Analysis

Generally, when a mistrial is granted at a defendant's request, "the prohibitions on double jeopardy in the United States and Rhode Island Constitutions do not preclude the retrial of that defendant's criminal case." *State v. Corleto*, 161 A.3d 504, 509 (R.I. 2017). This Court, however, has recognized a narrow exception "where a prosecutor has engaged in extreme conduct intended to provoke the defendant into moving to pass the case." *Id.* (brackets omitted)

(quoting *Rolle*, 84 A.3d at 1155); *see Oregon v. Kennedy*, 456 U.S. 667, 676 (1982) (establishing that "[o]nly where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first trial on his own motion").

However, we do not need to reach the merits of this issue because we are of the opinion that the defendant's prosecutorial misconduct argument was not properly preserved below and therefore has been waived. Defense counsel noted an objection after the conclusion of the prosecutor's closing argument, and the trial justice questioned the prosecutor. The prosecutor candidly admitted that she "choked up" during her closing argument. The trial justice informed the parties that she would give a curative instruction, to which defense counsel agreed. When defense counsel was asked by the trial justice if he suggested anything more, defense counsel stated: "No, Your Honor. That's fine." Defense counsel never moved for a mistrial, and a mistrial on count five was ultimately granted based upon the fact that the jury was deadlocked, not based on the prosecutor's behavior. "In accordance with this Court's longstanding raise-or-waive rule, if an issue was not properly asserted, and thereby preserved, in the lower tribunals, this Court will not consider the issue on appeal." *Trojan v. Trojan*, 208 A.3d 221, 231 (R.I. 2019) (brackets omitted) (quoting *Adams v. Santander Bank, N.A.*, 183 A.3d 544, 548 (R.I. 2018)).

## III

### Conclusion

For the reasons set forth herein, we affirm the order of the Superior Court. The record in this case may be returned to that tribunal.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | State v. Christopher Forlasto. |
| **Case Number** | No. 2017-398-C.A.<br>(W1/15-384A) |
| **Date Opinion Filed** | October 22, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Gilbert V. Indeglia |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Netti C. Vogel |
| **Attorney(s) on Appeal** | For State:<br><br>Christopher R. Bush<br>Department of Attorney General<br><br>For Defendant:<br><br>Gary G. Pelletier, Esq. |