**STATE**

**v.**

**Joseph McINTYRE.**

**No. 95–123–C.A.**

Supreme Court of Rhode Island.

March 11, 1996.

Aaron Weisman, Providence, for Plaintiff.

Barbara Hurst, Providence, for Defendant.

OPINION

PER CURIAM.

This matter came before the Supreme Court on January 23, 1996, pursuant to an order directing the defendant and the state to show cause why the issues raised in this appeal should not be summarily decided. The defendant, Joseph McIntyre, appeals from a pretrial order of the Superior Court denying his motion to dismiss the indictment

against him on the grounds of double jeopardy.

After reviewing the memoranda submitted by the parties and after hearing counsel in oral argument, the court is of the opinion that cause has not been shown and that the issues raised by this appeal shall be decided at this time.

In this case the trial justice granted defendant's motion to pass the case after the prosecutor, in her opening statement, quoted highly prejudicial statements attributed to defendant that had not been disclosed to him pursuant to Rule 16(a)(1) of the Superior Court Rules of Criminal Procedure. After a second trial was scheduled, defendant moved to dismiss the indictment, arguing that the prosecutor had deliberately goaded him into moving for a mistrial and that, therefore, he should not be placed on trial for a second time.

The trial justice denied defendant's motion to dismiss, concluding that there was no indication that the prosecutor had intended to goad defendant into moving for a mistrial. He noted the prosecutor's belief that defendant's statements had been disclosed to his attorney at the bail hearing.

Subsequently defendant moved to reconsider the denial of his motion to dismiss and requested an evidentiary hearing to clarify misstatements of facts. He proffered an affidavit from his bail-hearing attorney, who contravened the prosecutor's assertion that defendant's statements had been disclosed. The trial justice denied defendant's motion, stating that the bail attorney's statements would not alter his finding of a Rule 16 violation.

On appeal defendant contends that the trial justice erred by failing to conduct an evidentiary hearing. He asserts that a hearing would have established the prosecutor's bad faith. He also urges us to abandon the "deliberate intention to cause a mistrial" standard enunciated in *State v. Diaz*, 521 A.2d 129, 132–33 (R.I.1987), in favor of the "reckless disregard" standard adopted by the Texas Court of Criminal Appeals in *Bauder v. State*, 1995 WL 713030, —— S.W.2d —— (Tex.Crim.App.).

In *State v. Diaz* we held that the prosecutor's violation of the rules of discovery entitled the defendant to a new trial. We rejected, however, the defendant's argument that because the necessity for a mistrial was brought about by the state's failure to comply with the rules of discovery, double-jeopardy principles precluded a second trial. Instead we chose to follow the United States Supreme Court standard enunciated in *Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982):

> "[T]he Court in *Kennedy* recognized only one exception to the general rule that a mistrial requested by a defendant does not bar a retrial. *See United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). That exception as set forth in *Oregon v. Kennedy* was described as a situation wherein the prosecutorial 'conduct in question [was] intended to "goad" the defendant into moving for a mistrial.'" *Diaz*, 521 A.2d at 132.

We find no indication from the record that the prosecutor intended to "goad" defendant to make a motion to pass the case.

The defendant cites *Bauder v. State, supra*, in the hope that this court will expand the protection provided by the double-jeopardy clause of the Rhode Island Constitution. In *Bauder v. State*, the Texas Court of Criminal Appeals precluded retrial of the defendant on double-jeopardy principles in circumstances in which the prosecutorial misconduct was in reckless disregard of a probable mistrial. However, absent a showing that the standard we adopted in *Diaz* is unworkable, we decline to expand the protection of the state's double-jeopardy clause any further.

For these reasons the defendant's appeal is denied and dismissed. The order appealed from is affirmed, and the papers of the case are remanded to the Superior Court for further proceedings.