### STATE

v.

### Roberto BELTRE.

### No. 98–297–Appeal.

Supreme Court of Rhode Island.

Nov. 21, 2000.

Aaron L. Weisman, Providence.

Catherine A. Gibran, Paula Rosin, Providence.

### O R D E R

This case came before the Supreme Court on November 14, 2000, pursuant to an order directing both parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The defendant, Roberto Beltre (defendant or Beltre), appeals from a denial of a motion to dismiss on double jeopardy

grounds in Providence County Superior Court.[1] After hearing the arguments of counsel and examining the record and memoranda filed by counsel we are of the opinion that cause has not been shown and that the issues raised on this appeal will be decided at this time.

On August 1, 1997 defendant was arrested by the Rhode Island State Police for possession of a controlled substance. On September 11, 1997, Beltre was indicted for possession of over 5 (five) kilograms of marijuana in violation of § 21–28–4.01.2(A)(5) of the General Laws. The focus of this appeal is a motion to dismiss the indictment on double jeopardy grounds, which stems from the grant of a mistrial. The state trooper who made the arrest testified as to the events of the early morning hours of August 1, 1997. During cross examination the trooper made the following statement:

> " * * * when he was arrested he was advised of his rights at the scene. He was again advised and read his rights in Spanish. I asked him at the time whether he read Spanish or English better. He advised me he read Spanish better. Again I Handed him a Spanish Rights form which he read and signed. *In my mind that's his opportunity to profess his innocence and he chose not to do that.*" (Emphasis added.)

After this answer was given the trial justice immediately removed the jury from the courtroom and heard arguments on the defendant's motion for a mistrial. At this point the trial justice stated, "I have no alternative but to grant the defendant's request for a mistrial." The trial justice went on to say that he did not believe the examination by the prosecutor in any way was intended to cause a mistrial, he actually felt that the trooper's answer to the question was non-responsive. The defendant subsequently filed a motion to dismiss the criminal indictment on the grounds

---

1. This case was originally a Kent County case but was transferred to Providence County on April 7, 1998.

that the prosecution should be barred by the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and Article I, Section 7 of the Rhode Island Constitution. The motion was denied on April 27, 1998. We affirm.

Beltre asserted that the Superior Court erred in denying his motion to dismiss the underlying indictment on the ground that the mistrial was necessitated by prosecutorial misconduct, and therefore, double jeopardy should prevent a new trial. The law is well settled in this jurisdiction that the Double Jeopardy Clause will prevent retrial where a defendant's motion for a mistrial "was the result of governmental action *intended* to provoke a mistrial request." *State v. Ferrara*, 571 A.2d 16, 22 (R.I.1990); *State v. Diaz*, 521 A.2d 129 (R.I.1987); *State v. Gordon*, 508 A.2d 1339 (R.I.1986) (citing *Oregon v. Kennedy*, 456 U.S. 667, 672, 102 S.Ct. 2083, 2088, 72 L.Ed.2d 416 (1982)). "Prosecutorial conduct not rising to the level of intentional bad-faith action designed to goad the defendant into seeking a mistrial is outside this narrow exception. Thus, mere prosecutorial error, although it may necessitate a mistrial, will not operate to preclude a retrial" *Gordon*, 508 A.2d at 1345. The issue of whether prosecutorial misconduct was intended to cause a mistrial is a factual determination more appropriately left to the trial court. *Id.* at 1346. (citing *United States v. Posner*, 764 F.2d 1535, 1539 (11th Cir.1985)).

In the case before us the trial judge made it clear that the prosecution did not, in any way, deliberately intend to cause a mistrial. Specifically the trial justice stated "I would say for the record, I don't believe the examination * * * in any way, his examination in any way was intended to cause a mistrial. I don't believe the Trooper's testimony in any way was responsive to the question that was properly asked." We discern no indication from the record that the prosecutor intended to "goad" the defendant to request a mistrial in this case. Counsel for the defendant has invited this Court to broaden the rule set forth in *Oregon v. Kennedy* and adopted in *State v. Diaz*. We decline to revisit *Diaz* at this time and continue to adhere to the "intentional goading" standard set forth therein.

For these reasons the defendant's appeal is denied and dismissed. The order appealed from is affirmed, and the papers of the case are remanded to the Superior Court for further proceedings.