STATE

v.

Oscar W. CASAS.

No. 2001–522–C.A.

Supreme Court of Rhode Island.

March 18, 2002.

Aaron L. Weisman, Providence, for Plaintiff.

Randy Olen, William J. Murphy, Providence, Robert J. Caron, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This appeal from the denial of the defendant's motion to dismiss an indictment on double jeopardy grounds was ordered expedited, pursuant to an order directing both parties to appear and show cause why the issues raised in this appeal should not be summarily decided. Based upon our review of the memoranda submitted by the parties and argument before the full Court, we conclude that cause has not been shown. We shall, therefore, summarily decide the issues raised by the parties. We deny and dismiss the appeal.

The defendant, Oscar W. Casas (defendant or Casas), is before the Court on appeal from the denial of a motion to dismiss an indictment after a mistrial that resulted from inappropriate and prejudicial remarks made by the prosecutor during her opening statement to the jury. The defendant moved to dismiss the indictment on double jeopardy grounds. The defendant entered a plea of not guilty to two felony counts of violating the Uniform Controlled Substances Act. The indictment charged defendant with possession of one ounce to one kilogram of cocaine and possession of cocaine with the intent to deliver. Significantly, during pretrial motions, defendant moved *in limine* to preclude the state from introducing in its case in chief, a statement he allegedly made to Detective David Neill (Neill) of the Rhode Island State Police, that "you've been chasing me for years." The state objected to the motion *in limine* and argued that the remarks were probative of defendant's consciousness of guilt and that any potential prejudice arising from the statement was outweighed by its probative value. The trial justice reserved ruling on the issue until later in the trial. However, during her opening statement, the prosecutor informed the jury that, "Lieutenant Neill from the Rhode Island State Police has been investigating the defendant's drug trafficking for a number of years." Defense counsel immediately objected, asked to be heard at the side bar and moved to pass the case based on what can only be described as a highly inflammatory and prejudicial comment by the prosecutor. The jury was excused, argument ensued and the trial justice continued the case until the following morning, whereupon he declared a mistrial and discharged the jury. The defendant subsequently sought dismissal of the indictment on double jeopardy grounds.

On November 13, 2001, at a hearing on the motion to dismiss, defendant argued that a retrial was barred by the Double Jeopardy Clause of the United States Constitution. The defendant maintained that after the defense exercised seven challenges, a jury that was satisfactory to defendant was impaneled and sworn, only to be prematurely discharged as a result of a prejudicial comment made by the prosecutor during the state's opening statement. Although he acknowledged that the mistrial was declared at defendant's behest, he argued that the nature of the comments and the degree of prejudice left the defense with no alternative. Further, defendant pointed to the pending motion *in limine*, that touched upon the same subject matter, as evidence that the prosecutor had actual notice that this comment was inappropriate, yet intentionally and deliberately placed this prejudicial material before the jury, prior to a ruling on its admissibility.

Notably, before he declared a mistrial, the trial justice asked defendant whether, in his opinion, the prosecutor's conduct was deliberate or in bad faith, or was designed to cause a mistrial. Defense counsel candidly acknowledged that he "had no evidence of that[.]" Subsequently,

at the hearing on the motion to dismiss the indictment, counsel maintained that it was impossible for defendant to possess such evidence. Further, defendant insisted that the state intended to get this evidence before the jury "come hell or high water" and, therefore, the state's conduct was deliberate and was so improper as to warrant dismissal of the indictment.

In opposing the mistrial, the prosecutor argued that evidence that "Lieutenant Neill had been investigating the defendant's drug trafficking for a number of years" was admissible "to give the jury an idea of why Lieutenant Neill focused on Mr. Casas" as opposed to having "picked this one person out of the sky[.]" However, at the hearing on the motion to dismiss, the state retreated from this anomalous position and argued that defendant was on notice that the state intended to introduce that evidence, failed to move to exclude it, "and then jumped on the chance to move for a mistrial." The trial justice refused to dismiss the indictment and found that the motion *in limine* did not place the state on notice that evidence that "Lieutenant Neill had been investigating the defendant's drug trafficking for a number of years" was inadmissible evidence and should be avoided. The trial justice concluded that the admissibility of defendant's alleged statement to Neill was "separate from or different from" the improper opening statement and, further, even if the motion *in limine* had been granted, the fact that certain evidence had been excluded would not have placed the prosecution on notice that informing the jury that Lieutenant Neill was expected to testify that "[he] had been investigating the defendant's drug trafficking for a number of years" was inadmissible evidence. The trial justice found the term "drug trafficking" to be fatally prejudicial and amounted to a declaration by the state that this defendant, who had never before been arrested or charged with a crime, had been engaged in serious criminal activity for a number of years. In refusing to dismiss the indictment, however, the trial justice concluded that there had been no showing that the statement was made in bad faith, or deliberately, or with the intention to goad defendant into moving for a mistrial. The defendant timely appealed. In light of the fact that defendant's bail has been revoked and he is presently incarcerated, we have expedited this appeal.

■ Although an appeal from the denial of a motion to dismiss on double jeopardy grounds is interlocutory, we have consistently allowed an immediate appeal to this Court. *State v. Wiggs,* 635 A.2d 272, 275 (R.I.1993); *State v. Chase,* 588 A.2d 120, 122 (R.I.1991). When a mistrial is at the defendant's behest, double jeopardy ordinarily does not preclude the retrial of a criminal case. The recognized exceptions to this rule are situations in which the defendant was provoked into requesting a mistrial because of prosecutorial misconduct that was intended to goad defendant into moving to pass the case. In those situations, principles of double jeopardy preclude a second trial. *State v. McIntyre,* 671 A.2d 806, 807 (R.I.1996); *State v. Mallett,* 604 A.2d 1263, 1264–65 (R.I.1992). This Court has steadfastly rejected requests to expand, on state constitutional grounds, the intentional goading rule to encompass other instances of prosecutorial misconduct and have continued to adhere to the rule announced in *Oregon v. Kennedy,* 456 U.S. 667, 675–76, 102 S.Ct. 2083, 2089, 72 L.Ed.2d 416, 424–25 (1982), that unless the misconduct was intended to goad defendant into moving for a mistrial, a second trial is not forbidden. *McIntyre,* 671 A.2d at 807.

■ Here, the trial justice found that there was no evidence tending to show

that the prosecutor wrongfully intended to goad the defense into moving for a mistrial. We agree with this conclusion and note that the misconduct in this case, while clearly inappropriate, did not occur at a point in the proceedings where an unscrupulous prosecutor, faced with a rapidly derailing trial, conceivably could seek a premature end of the proceedings in hope of returning another day. That is the evil that *Kennedy* was intended to guard against, not unfortunate situations such as this case, in which a relatively young and inexperienced prosecutor, unfamiliar with the concept that a defendant's character is not admissible to establish guilt, commits an unsalvageable error.

However, we respectfully disagree with the trial justice's conclusion that the state was not placed on notice that evidence of Neill's long-term investigation of this defendant was forbidden territory until the motion *in limine* was decided. We see no discernible difference between the defendant's acknowledging that Neill has "been chasing [him] for years" and the bald assertion by the state that Neill "has been investigating the defendant's drug trafficking for a number of years." Further, at oral argument, the state was unable to point to any conceivable set of circumstances under which evidence that Casas had been the subject of long-term law enforcement scrutiny was admissible during the state's case in chief. Testimony that Neill was "chasing [the defendant] for years" or was "investigating the defendant's drug trafficking for a number of years," is highly prejudicial and has little, if any, probative value relative to the guilt or innocence of this defendant of the crimes charged in the indictment.

Accordingly, this Court is satisfied that this young and relatively inexperienced prosecutor, not minutes into her opening statement, was not looking to prematurely terminate the proceedings. Thus, there is no evidence of "intentional goading" in the record before us. The defendant has urged this Court to revisit our holding in *State v. Diaz,* 521 A.2d 129, 133 (R.I.1987) and adopt, under the Rhode Island Constitution, a more stringent rule to apply in situations in which prosecutorial misconduct, although not intended to provoke a mistrial, is nonetheless intentional and so egregious that a retrial is precluded on state constitutional grounds. We respectfully decline the invitation and are now satisfied that the protections afforded in *Kennedy* remain "a careful balance between the right of a defendant to obtain a completion of his trial by the first tribunal assembled to pass in judgment upon him and the societal interest in apprehending and punishing those who are guilty of serious crimes." *Diaz,* 521 A.2d at 133.

For the reasons stated herein, the defendant's appeal is denied and dismissed. The order appealed from is affirmed and the papers in this case are remanded to the Superior Court for trial.