June 26, 2023

**Supreme Court**

No. 2021-71-C.A.
(K2/15-594A)

State                 :

v.                :

Treven Leonard.        :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State                               :

v.                               :

Treven Leonard.                      :

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.**   The defendant, Treven Leonard,

appeals from a Superior Court judgment of conviction on two counts of

second-degree sexual assault.  On appeal, the defendant contends that the trial justice

erred in denying his motion to pass the case and his motion for a new trial.  For the

reasons set forth in this opinion, we affirm the judgment of the Superior Court in all

respects.

## I

### Facts and Travel

The complaining witness (complainant) began working as a waitress at

defendant's restaurant on March 17, 2015.[1]  During her brief stint working at the

---

[1] For purposes of this opinion, a precise recitation of the sordid details of the acts allegedly committed by defendant would be gratuitous.  Although the testimony was extensive, we recount only the facts necessary to follow the legal issues and arguments presented on appeal.

restaurant, she alleges that defendant made several unwanted sexual advances towards her. She did not report these instances at the time.

The complainant further alleges that, on April 8, 2015, defendant sexually assaulted her in a particularly egregious and violent manner. After the alleged assault, she finished her shift as though nothing had happened. She worked one last shift on April 15, 2015, but then two days later she reported defendant to the police. On April 23, 2015, defendant was arrested. Charges against defendant were filed on September 18, 2015, for two counts of second-degree sexual assault and one count of assault with a dangerous weapon.[2]

Pretrial motions were heard before the trial justice on February 7, 2020. Most pertinent to this appeal, the trial justice heard arguments on the state's motion *in limine* to introduce evidence that the complainant had been molested as a child. The state sought to admit evidence of her childhood trauma for the purpose of explaining her reaction to defendant's assault—specifically, that "she didn't run to the police immediately after being assaulted * * *." The trial justice agreed that the childhood incident "could be a significant reason for her perhaps acting the way she did in the case * * *."

---

[2] The complainant testified at trial that defendant threatened her with a knife on multiple occasions.

But the trial justice also felt that the jury would "be hard-pressed to not feel some sympathy towards [the complainant], which obviously wouldn't be fair to the defendant to try to give the defendant a fair trial." Endeavoring to strike a "fair balance[,]" the trial justice allowed the state to introduce the evidence, but he proscribed the state from including the complainant's age at the time she was molested and the fact that the perpetrator had been convicted.

A trial was then held in the Superior Court from February 17 to February 21, 2020. At trial, the prosecutor questioned the complainant about her immediate reaction to the alleged assault:

> "[PROSECUTOR]: [Y]ou said you acted like nothing happened. Can you tell the jury why you acted like nothing happened?
>
> "[COMPLAINANT]: I don't have a good answer for that besides some traumatic stuff that had happened to me.
>
> "[PROSECUTOR]: When you say some traumatic stuff that happened to you, when did the traumatic stuff happen to you?"

The defense counsel objected. The trial justice permitted the prosecutor to proceed. The complainant answered the question, "When I was a child." The examination continued. The prosecutor asked her what happened, and she testified that "[she] was molested by a man." Then the prosecutor asked: "[H]ow did that [experience] affect the way that you reacted on April 8th, 2015?" The defense counsel objected again. The trial justice overruled the objection. The complainant answered:

"The only way that I can describe it is when that experience was going on, when he was grabbing me aggressively, it was surreal, like, an out-of-body experience. You leave your body. You look at what's happening to your body. You're detached. You don't feel it emotionally. And whatever is happening to your body, when you get back to your body, you're just emotionally detached from it, so it doesn't matter. And that's how I dealt with that incident that night."

The defendant also testified at trial. On cross-examination, the prosecutor engaged in a colloquy with defendant as to why the complainant might have lied about the alleged events. The prosecutor asked, "And she had no reason to make this up?" The defendant responded, "I have no idea."

During closing arguments, the prosecutor referenced the complainant's testimony about her experience of being molested as a child. The prosecutor stated that her delay in reporting the incident may not have been "a reaction that everybody would have, but with her, because of her experience, that's exactly what you would expect." The prosecutor submitted to the jury that the complainant's childhood molestation "carried over * * * into her adult life, and it impacted the way she dealt with the things that the defendant had done."

The prosecutor also mused: "What would [the complainant] possibly have to gain by coming in here and lying to you?" The prosecutor went on to say, "This isn't something she would do just for kicks. And even the defendant can't come up with any reason that she would lie--." To this comment, defense counsel instantly

objected. The trial justice preserved the objection and issued the following cautionary instruction to the jury:

> "I'm going to tell the jury, I'm going to ask you to move
> on from that last comment. The defendant has no burden
> of proof and no obligation to present any evidence to you.
> It is the State's burden entirely. Continue."

After closing arguments, the prosecutor, defense counsel, and the trial justice discussed defense counsel's objection at sidebar. At sidebar, defendant moved to pass the case on "[t]he basis * * * that * * * the prosecution in her closing shifted the burden, and throughout the closing some inflammatory stuff that was not in evidence was elicited from her." The trial justice agreed that the prosecutor was "implying that the defendant had some burden of proof in this case or failed to present some evidence to this jury, and that's just plain wrong." Nevertheless, he denied defendant's motion to pass the case, reasoning that there was not "strong enough evidence" and that "[his] clear and immediate statement to the jury should be sufficient to * * * cure them or get their minds back to understanding that [defendant] had no burden of proof in this case."

At the conclusion of the sidebar, the trial justice turned to the jury and gave a second cautionary instruction:

> "I want to just one more time gently remind you that if
> there was anything that you heard in the closing argument
> of the State that in your mind suggested to you that there
> is any obligation on the defendant to produce some
> evidence, or to have given up some information, or to

[have] presented some witnesses to you, that would be an incorrect assumption on your part. As you know, I probably said it more times, so you're asking yourself, why does this Judge keep saying the same thing to us, but the State has the burden of proof. The defendant has no burden of proof, no obligation, no requirement. That's the way our judicial system is set up in criminal cases. When the government brings a charge, it's their responsibility to prove it. So if you came away feeling like that during the argument, I would ask you please ignore that, and to understand that the burden as I just stated falls upon the State."

On February 21, 2020, the jury returned a guilty verdict on both counts of second-degree sexual assault and a verdict of not guilty for the count of assault with a dangerous weapon. Thereafter, defendant moved for a new trial on the basis of multiple alleged errors of law, newly discovered evidence, and the weight of the evidence. The state objected to the motion.

On October 26, 2020, the trial justice heard arguments on defendant's motion for a new trial. At the hearing, defendant reasserted an argument that he had made at the pretrial hearing—namely, that evidence of the complainant's childhood trauma "had nothing to do with the facts of this case" and was "unfairly prejudicial to [defendant.]" The defendant also challenged several of the prosecutor's comments that she made during closing, which in his mind amounted to "an expert assessment in how childhood trauma results in adulthood * * *." To that end, defendant insisted that it was the state's burden to introduce expert testimony to support its argument regarding the childhood molestation evidence.

- 6 -

The defendant also objected to the prosecutor's comments that referenced his failure to identify a reason why the complainant might have lied about the alleged assault. He maintained that the prosecutor's remarks shifted the burden of proof, despite the fact that the trial justice furnished two cautionary instructions in response to the allegedly improper statements.

The trial justice rejected all of defendant's arguments. First, the trial justice recounted that the scope of the complainant's testimony about her childhood had been "discussed and argued pretrial and again at the time it was offered at the time of trial." The trial justice found that her testimony adhered to the parameters he had established at the pretrial hearing and that her testimony was "short, to the point, relevant, and not so prejudicial as to require exclusion." The trial justice also dismissed defendant's contention that expert testimony was needed to elucidate the connection between her childhood and adulthood experiences of sexual trauma. To the contrary, he found that she spoke "in a lay person's terms in simple language with no attempt to introduce medical terms or diagnoses into her short testimony on this issue." The trial justice found it additionally "noteworthy" that defendant's only objection during closing arguments was to the alleged burden shifting, not to the prosecutor's supposed "expert assessment[.]"

Next, the trial justice enunciated this Court's capacious standard regarding prosecutors' statements during closing arguments, citing *State v. Bozzo*, 223 A.3d

- 7 -

755 (R.I. 2020). The trial justice noted that, "while there is no formula in law which precisely delineates the proper bounds of a [p]rosecutor's arguments, prejudice obviously inheres if the remarks are totally extraneous to the issues in the case and tend to inflame and aro[u]se the passions of the jury * * *." (Quoting *Bozzo*, 223 A.3d at 761-62.) Accordingly, the trial justice found that the prosecutor's comments "pertain[ed] to the evidence that was in the record and was based upon reasonable inferences that could be drawn from that evidence."

Finally, the trial justice addressed defendant's argument that the state improperly shifted the burden during closing arguments by commenting on defendant's failure to supply a reason why the complainant would have fabricated the events alleged. The trial justice agreed that it was improper for the prosecution to suggest defendant had any burden of proof, but then he reaffirmed that his cautionary instructions were adequate to cure any prejudice.

The trial justice denied defendant's motion for a new trial and sentenced him to eight years for each count, with one year to serve and the remaining time suspended, with probation.

The defendant filed a premature but valid notice of appeal on October 26, 2020. The judgment of conviction then entered on November 30, 2020.

## II

## Discussion

The defendant presents two issues on appeal. First, whether the trial justice committed reversible error by denying defendant's motion to pass the case. Second, whether the trial justice likewise erred in denying defendant's motion for a new trial. We address the arguments on each motion in turn.

## A

## Motion to Pass the Case[3]

The first inquiry before this Court is whether the trial justice abused his discretion in denying defendant's motion to pass the case due to the prosecutor's comments during closing arguments, which allegedly shifted the burden of proof onto defendant. We perceive that the trial justice did not abuse his discretion; therefore, his decision to deny the motion is affirmed.

### Standard of Review

"It is well settled that a trial justice's decision on a motion to pass the case is addressed to the sound discretion of the trial justice, and this Court will not disturb the ruling on such a motion absent an abuse of discretion." *State v. Alexis*, 185 A.3d 526, 531 (R.I. 2018) (quoting *State v. Rosado*, 139 A.3d 419, 423 (R.I. 2016)). Such

---

[3] "In Rhode Island, the terms 'motion to pass the case' and 'motion for a mistrial' are synonymous." *State v. Robat*, 49 A.3d 58, 83 n.28 (R.I. 2012) (quoting *State v. Rosario*, 14 A.3d 206, 212 n.4 (R.I. 2011)).

deference to the trial justice is appropriate because the trial justice "has a front-row seat at the trial and is in the best position to determine whether a defendant has been unfairly prejudiced." *Id.* (quoting *Rosado*, 139 A.3d at 423). "When ruling on a motion to pass, the trial justice must determine whether the evidence in question was of such a nature as to cause the jurors to become so inflamed that their attention was distracted from the issues submitted to them." *State v. Alston*, 47 A.3d 234, 250 (R.I. 2012) (quoting *State v. Brown*, 9 A.3d 1232, 1239 (R.I. 2010)). "We previously have held that even prejudicial remarks do not necessarily require the granting of a motion to pass." *Id.* at 250-51 (quoting *Brown*, 9 A.3d at 1239).

Additionally, during closing arguments, "a prosecutor is given considerable latitude * * *, as long as the statements pertain only to the evidence presented and represent reasonable inferences from the record." *State v. Farley*, 962 A.2d 748, 757 (R.I. 2009) (brackets omitted) (quoting *State v. Barkmeyer*, 949 A.2d 984, 1007 (R.I. 2008)).

## Analysis

The defendant avers that the state improperly shifted the burden of proof during its closing argument. At closing, the prosecutor ventured to the jury that, "[e]ven the defendant can't come up with any reason that [the complainant] would lie" about the alleged assault. The defendant asserts that this remark implied to the jury that it was defendant's burden to prove why she may have fabricated the events

- 10 -

alleged in this case. This conduct, defendant claims, impeded his right to receive a fair trial.

Initially, defendant argues that the prosecutor's remark was too prejudicial to be cured with a cautionary instruction. The defendant contends that the comment made here was "even more egregious" than those in *State v. Corleto*, 161 A.3d 504 (R.I. 2017), wherein the prosecutor had made comments during closing arguments that alluded to the defendant's decision not to testify, which prompted the trial justice to grant the defendant's motion to pass the case. *See Corleto*, 161 A.3d at 508 (recounting the trial justice's observation that, although the prosecutor's comment "was not directed specifically to the defendant's failure to take the stand[,]" it "indirectly addressed the defendant's failure to take the witness stand" (brackets omitted)).

Alternatively, if we conclude that the prejudice was able to be cured with a cautionary instruction, defendant argues that the cautionary instructions given here were inadequate under the standard dictated by this Court in *State v. Taylor*, 425 A.2d 1231 (R.I. 1981). *See Taylor*, 425 A.2d at 1235. In *Taylor*, we held that a

> "cautionary instruction must (1) identify the prosecutor's conduct as improper, (2) unequivocally indicate that the jury must disregard it, and (3) unequivocally indicate that * * * the defendant has no duty to present witnesses or any other evidence * * *." *Id.*

- 11 -

The defendant contends that the trial justice's cautionary instructions failed to identify the prosecutor's comment as improper and failed to unequivocally instruct the jury to disregard it. *See id.* The defendant also argues that the second cautionary instruction was not given immediately, as *Taylor* requires. *See id.* at 1236. Lastly, defendant asserts that the trial justice's "gentl[e] reinforce[ment]" that the state bears the burden of proof at trial did not sufficiently cure the prosecutor's prejudicial comment.

The state responds by distinguishing *Corleto* and *Taylor*, on the basis that both cases fall under the empty-chair doctrine.[4] Rather, the state contends that this case aligns more appropriately with *State v. Cavanaugh*, 158 A.3d 268 (R.I. 2017). *See Cavanaugh*, 158 A.3d at 278. Similarly, in *Cavanaugh*, the state confined its comments to the defendant's "performance on the witness stand[,]" as opposed to the defendant's failure to produce witnesses or evidence. *See id.* The state maintains that because its commentary was limited to defendant's testimony on the witness stand, the trial justice's cautionary instructions were sufficient to cure any potential prejudice.

---

[4] "The empty-chair doctrine permits a trial justice to charge a jury that it may draw an inference from a litigant's unexplained failure to produce an available witness who would be expected to give material testimony on the litigant's behalf." *State v. D'Agostino*, 691 A.2d 561, 563-64 (R.I. 1997) (quoting *State v. Taylor*, 581 A.2d 1037, 1038-39 (R.I. 1990)). However, the doctrine provides that a prosecutor may not comment on a defendant's failure to call witnesses. *Id.* at 564.

This Court has held that there is "no precise formula to determine whether any prejudicial taint may have been cured by a cautionary instruction." *Alexis*, 185 A.3d at 533 (quoting *State v. Hie*, 93 A.3d 963, 973 (R.I. 2014)). "Where 'the trial justice decides to utilize a cautionary instruction, the question before us is whether the trial justice's instruction can be fairly said to have removed from the jurors' minds, when weighing the evidence properly before them, the taint represented.'" *Id.* (brackets and deletions omitted) (quoting *Hie*, 93 A.3d at 973).

It is our opinion that the trial justice's cautionary instructions were effective to allay any possible prejudice in the minds of the jury caused by the prosecutor's closing remarks. *See Bozzo*, 223 A.3d at 762 ("The probable effect of the prosecutorial statements on the outcome of the case must be evaluated by examining the remarks in the context in which they were made.") (quoting *State v. Lastarza*, 203 A.3d 1159, 1166 (R.I. 2019)). The *Cavanaugh* holding clearly states that *Taylor*'s three-part standard for cautionary instructions applies only when a prosecutor makes an inappropriate reference to the "empty chair"—or rather, a defendant's failure to present witnesses or evidence. *See Cavanaugh*, 158 A.3d at 277 ("Although the cautionary instruction given in this case did not meet the *Taylor* standard, we are satisfied that, in the context of this case, that precise instruction was unnecessary, because the prosecutor's comments during closing argument did not rise to the level of an improper reference to an 'empty chair.'"); *see also State v.*

*Girouard*, 561 A.2d 882, 890 (R.I. 1989) (narrowing the *Taylor* holding to "empty-chair reference[s]"). It is apparent that *Taylor* and its related caselaw are inapposite because there was no empty chair in this case; in fact, defendant took the stand. *See Taylor*, 425 A.2d at 1235; *Cavanaugh*, 158 A.3d at 277.

According to defendant, the alleged burden-shifting comment was the prosecutor's reference to defendant's response, "I have no idea[,]" to her question about why the complainant might "make * * * up" the sexual assault. However, defendant failed to object to this exchange contemporaneously. His testimony, therefore, was fair game for the prosecutor to remark upon during her closing argument as part of the evidence educed at trial. *See, e.g.*, *Lastarza*, 203 A.3d at 1166 (holding that the prosecutor's remarks during closing arguments did not "cross th[e] line" because the comments "specifically addressed [the] defendant's performance on the witness stand"). In general, a prosecutor enjoys "considerable latitude" to make a final appeal to the jury during closing arguments. *Farley*, 962 A.2d at 757. After a review of the record, we do not observe anything to suggest that the prosecutor in this case ran afoul of that standard.

Further, even if the tenor of the prosecutor's statement risked shifting the burden of proof away from the state, the trial justice's swift admonition and

additional curative instruction were adequate to expiate any prejudice to defendant.[5]
*See Alexis*, 185 A.3d at 533. Therefore, we are satisfied that the trial justice was not clearly wrong in denying defendant's motion to pass the case in relation to the prosecutor's closing remarks.

## B

## Motion for a New Trial

The second inquiry on appeal is whether the trial justice erroneously admitted evidence that was unduly prejudicial to defendant, thus entitling defendant to receive a new trial. Here too, we affirm the trial justice.

## Standard of Review

"According to our well settled raise or waive rule, a litigant must make a timely and appropriate objection during the lower court proceedings before this Court will indulge the issue on appeal." *State v. Davis*, 131 A.3d 679, 701 (R.I. 2016) (quoting *State v. Grant*, 840 A.2d 541, 546 (R.I. 2004)).

Further, it is well settled that "[i]ssues concerning the admission or exclusion of testimonial evidence reside within the bailiwick of the trial justice, and we shall

---

[5] Moreover, we observe that the passions of the jury could not have been so inflamed as to interfere with their ability to dispassionately evaluate the evidence because the jury acquitted defendant of the charge of assault with a dangerous weapon. *See State v. Barboza*, 262 A.3d 684, 690 (R.I. 2021) (noting that "the jury was capable of evaluating the evidence dispassionately and without undue prejudice" because the jury found the defendant not guilty of the more serious offense with which he was charged).

not ascribe error thereto absent an abuse of discretion." *State v. Dalton*, 195 A.3d 1093, 1096 (R.I. 2018).

**Analysis**

On appeal, defendant avers that the trial justice committed an error of law when he permitted the state to introduce evidence that the complainant was molested as a child. He argues before this Court that his motion for a new trial should have been granted as a result of that error.

Overall, defendant posits that the state sought to admit evidence of the complainant's childhood molestation merely to stoke the sympathies of the jury. He argues that her testimony was irrelevant because she failed to attribute the incident of child molestation to the assault alleged in this case. According to defendant, "[a]bsent some testimony that her bizarre reaction to the later alleged assault * * * was provoked by the earlier molestation, evidence of the latter only served to inflame the emotions of the jury and did not make it any more probable that [the complainant] had been assaulted by [defendant]." Additionally, defendant faults the state for failing to introduce expert testimony, medical records, or some other evidence to explain the connection between the two incidents. The defendant also suggests that the prosecutor made comments during closing that were tantamount to an "expert assessment" of how childhood trauma impacts "adult compartmentalization of emotions."

- 16 -

In response, the state asserts that defendant has waived his arguments both that the childhood trauma evidence was inadmissible absent expert testimony and that the prosecutor's closing argument made improper references to the complainant's prior experience of abuse. Procedurally, the state points out that defendant raised these arguments for the first time in his motion for a new trial, which constitutes improper "bootstrap[ping]" and cannot preserve the issues for appeal.

As to the substance of defendant's argument, the state recalls that the trial justice thoroughly addressed the relevance and prejudicial nature of the molestation evidence when he denied defendant's motion for a new trial. On appeal, the state maintains that the trial justice did not abuse his discretion in admitting the evidence because he thoughtfully considered its potential to prejudice the jury against defendant and limited the scope of its admission accordingly.

At the outset, we agree that defendant has waived his arguments (1) that the state failed to introduce expert testimony to assess the significance of the complainant's child experience and (2) that the state "act[ed] as [its] own expert in this case" when it referenced the evidence during closing arguments.

This Court is "exacting about applying the raise or waive rule." *State v. Mendez*, 116 A.3d 228, 243 (R.I. 2015) (quoting *Ferris Avenue Realty, LLC v. Huhtamaki, Inc.*, 110 A.3d 267, 285 (R.I. 2015)). Applying the rule to

contemporaneous objections, we have stated that it is "essential to the trial process * * * that objections be made at the time when an event occurs that counsel deems objectionable." *Id.* at 245; *see State v. Gadson*, 87 A.3d 1044, 1053-54 (R.I. 2014) (brackets omitted) ("[A] failure to object 'in the vital context of the trial itself * * * constitutes a waiver of the evidentiary objection and is therefore an issue that may not be raised on appeal.'") (quoting *State v. Andujar*, 899 A.2d 1209, 1222 (R.I. 2006)).

In accord with our raise-or-waive rule, the aforementioned arguments are waived. Most critically, defendant failed to object contemporaneously to the prosecutor's comments about the connection between the complainant's childhood and adulthood experiences of sexual trauma. By waiting to raise the expert-testimony issue in his motion for a new trial, defendant missed the boat. *See State v. Albanese*, 970 A.2d 1215, 1222 (R.I. 2009) ("Because such an argument was not made during trial, it cannot belatedly be asserted during the motion for a new trial.").

The defendant has, however, preserved his challenge concerning the relevance and unfairly prejudicial nature of the evidence. His objections to these aspects of the evidence were timely asserted during trial and previously raised at the pretrial hearing on the state's motion *in limine*. When reviewing a trial justice's decision to admit evidence, this Court defers to the sound discretion of the trial justice and will

not disturb the trial justice's decision absent an abuse thereof. *See State v. McDonald*, 157 A.3d 1080, 1091 (R.I. 2017); *State v. Clay*, 79 A.3d 832, 838 (R.I. 2013). Accordingly, we discern no grounds for reversing the trial justice's decision.

First, we are convinced that the evidence of the complainant's child molestation was relevant. The defendant's contention that her testimony about her childhood was irrelevant because it failed to connect the earlier incident to the later-alleged assault has no merit. When the prosecutor asked the complainant why she pretended "nothing happened" after defendant had allegedly assaulted her, she attributed her purportedly "bizarre" reaction to the "traumatic stuff" that happened to her as a child. The prosecutor also asked her explicitly how her childhood experience affected her reaction to the events of April 8, 2015, and she explained that her response to trauma was to detach emotionally, which allowed her to pretend as though what happened "d[id]n't matter."

Rule 401 of the Rhode Island Rules of Evidence defines "[r]elevant evidence" as "evidence having *any tendency* to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Emphasis added.) Thus, the bar for relevance is set rather low. The trial justice allowed the evidence because he determined that the complainant's traumatic childhood experience could have been a "significant

reason" for her delay in reporting defendant to the police. We hold that this was not an abuse of discretion under Rule 401.

Second, we consider whether the trial justice erred by allowing the evidence under Rule 403. R.I. R. Evid. 403. Rule 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice * * *." It is clear that the trial justice engaged in a thorough Rule 403 balancing before he decided to permit the state to bring in evidence of the complainant's childhood trauma. *See State v. Perry*, 182 A.3d 558, 571-72 (R.I. 2018). In so doing, he acknowledged the particularly sensitive nature of the evidence and, in response to defendant's concerns, he excluded certain aspects of it, including the complainant's age, to mitigate the danger of unfair prejudice. According due deference to the trial justice's careful treatment of the evidence, we decline to disturb his decision on appeal.

Having determined that the trial justice did not abuse his discretion or commit any errors of law, we affirm the denial of the defendant's motion for a new trial.

## III

## Conclusion

The judgment of conviction entered by the Superior Court is affirmed. The papers in this case may be remanded to that tribunal.

# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | State v. Treven Leonard. |
| **Case Number** | No. 2021-71-C.A. (K2/15-594A) |
| **Date Opinion Filed** | June 26, 2023 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Daniel A. Procaccini |
| **Attorney(s) on Appeal** | For State: <br><br> Virginia M. McGinn <br> Department of Attorney General <br> For Defendant: <br><br> Megan F. Jackson <br> Rhode Island Public Defender |